# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **FEDERAL CURE (FedCURE),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 07-0843 (RBW)** |
| | ) | |
| **HARLEY G. LAPPIN, DIRECTOR,** | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ————————————————— | ) | |

## DEFENDANT'S REPLY AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, Federal Bureau of Prisons,[1] through its undersigned attorneys, hereby replies and files this memorandum of points and authorities in opposition to Plaintiff's opposition and cross-motion for summary judgment. As discussed below, Plaintiff has not met its burden to demonstrate an entitlement to a fee waiver or a fee reduction in this case. Accordingly, Defendant is entitled to summary judgment in this action.

## I. The Court's Review Is Limited To The Record Before The Agency

Plaintiff contends that the Court should not review the Declaration of Wilson J. Moorer filed with Defendant's motion for summary judgment, because it is dated after the record closed and is, therefore, not part of the administrative record.[2] *See* Plaintiff's Opposition ("Plff. Oppo.")

---

[1] The proper Defendant in an action brought pursuant to the Freedom of Information Act is a department or an agency. *See Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C. 2000).

[2] In a fee waiver case under the Freedom of Information Act ("FOIA"), the district court conducts a *de novo* review of an agency's denial of a fee waiver request; however the district court is limited to the record before the agency. 5 U.S.C. §552(a)(4)(vii); *see Nat'l Treasury Employees Union v. Griffin*, 811 F.2d 644, 648 (D.C. Cir. 1987) (observing that the

at 2.  Additionally, Plaintiff argues that the Court should consider new evidence presented by Plaintiff in its opposition, because of Defendant's citation to Plaintiff's chat room website and message numbers.  *See* Plff. Oppo. at 31,  FN 12.[3]

However, Defendant's Declaration is merely a procedural mechanism used to recite the chronology of correspondence between the parties to establish the record in this case.  In fact, Plaintiff concedes that the Declaration "merely restates what is contained in the correspondence between FedCURE, BOP and DOJ."  *See* Plff. Oppo., FN 5.  Moreover, Defendant's motion for summary judgment clearly indicates that the record for the Court's consideration consists of the correspondence between the parties, which is attached as exhibits to the Declaration.  *See* Defendant Motion for Summary Judgment, Section I, B.   In any event, to the extent that either party is requesting the Court to consider matters outside the record, such requests should be denied.  *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1311 (D.C. Cir. 2003); *National Treasury Employees Union v. Griffin,* 811 F.2d at 648 ("The [requester's ] failure to demonstrate a public interest before the agency cannot be remedied by doing so before a court.").

---

reasonableness of the agency's refusal depends on the information before it at the time of its decision).

[3] Plaintiff urges the Court to consider the chat room's "Message History" from 2002 to 2008, as evidence of Plaintiff's ability to satisfy the dissemination requirement.  *See* Plff. Opp. at 31.  It argues that this is to rebut information about Plaintiff's website, included in Defendant's motion for summary judgment, that was outside the record.  Defendant submits that this information, as well as, any information which is outside the record and referenced in Defendant's motion for summary judgment are inappropriate for the Court's review.  Defendant apologizes to the Court for the inclusion of such information.

## II.  Plaintiff Has Failed to Meet Its Burden To
## <u>Establish Entitlement To A Fee Waiver Or Fee Reduction</u>

Plaintiff has the burden of establishing that disclosure of the information requested is in the public interest because it is likely to contribute significantly to the public's understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.  5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.11(k)(2)(I)-(iv);*see also Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988).  Plaintiff also has the burden to demonstrate that it qualifies as a "representative of the media" or a "noncommercial scientific institution."  Plaintiff has failed to show that it falls under any of these three classifications, and it is, therefore, not entitled to a fee waiver or reduction.

A.  <u>Plaintiff Has Not Shown That Disclosure Is In The Public Interest</u>.

Plaintiff argues that Defendant has failed to "cite any language in the FedCURE waiver materials that shows that FedCURE did not intend to 'extract, analyze, synthesize and effectively convey' the information."  Plff. Oppo. at 25.  Additionally, Plaintiff contends that its July 10, 2006 response to Defendant, which included discussion of Plaintiff's Yahoo Groups [chat] site "where our daily information is disseminated" and its statement "that is exactly what we do every day when we answer those requests," was evidence of such an intent.  In support of this argument, Plaintiff cites *Institute for Wildlife Protection v. United States Fish and Wildlife Service*, 290 F. Supp. 2d 1226 (D. Oregon 2003).

However, Plaintiff's reliance on this case is misplaced.  The plaintiff organization in *Institute for Wildlife Protection,* provided significantly more information to the agency to demonstrate their entitlement to a fee waiver.  First, the plaintiff informed the agency that

"dissemination of information about government operations affecting wildlife was contained in the plaintiff's charter and was a primary organizational purpose." *Id*. at 1232. Secondly, the Court found that the plaintiff had provided a description of "its expertise in analyzing [the] type of information" sought and its "ability and intent to 'produce a shorter, abstracted, informative analysis for the public.'" *Id*. at 1231. Finally, the Court determined that the plaintiff had "clearly and repeatedly" expressed its intent to "disseminate the material via discussions in University classes," and "also by postings to web pages and electronic mailing lists, deposits in libraries, [and] publication in scientific journals and in popular news outlets." *Id*. at 1232. Thus, the plaintiff in *Institute for Wildlife Protection* did far more than just say "that is what we do every day," to demonstrate that it intended and had the ability to "extract, analyze, synthesize and effectively convey" the technical information that it sought in that case.

Plaintiff also argues that Defendant has failed to produce any documentation of the number of individuals who would read about and benefit from the ion spectrometry information. Plff. Oppo. at 25-26 (citing *Carney v. Dep't of Justice*, 19 F.3d 807 (2d Cir. 1994)). However, it is Plaintiff who has the burden to produce such documentation to justify its request for a fee waiver. Indeed, it was the plaintiff, not the defendant, who submitted such evidence in *Carney v. Dep't of Justice*, 19 F.3d 807 (2d Cir. 1994).

The plaintiff in *Carney* was requesting a fee waiver for information about the role of the U.S. Department of Justice in selecting federal judges for a proposed book and articles. *Id*. at 810, 814. He submitted evidence that he was a serious scholar, qualified to perform research on the subject for which he sought information. *Id*. at 810, 815. Based upon the information that the plaintiff had submitted to the agency, the Court determined that "Carney's work is likely to

4

be considered by other scholars" and that "Carney will disseminate the disclosed records to a sufficiently broad audience of students and academics interested in his work." *Id*. at 815.

Plaintiff also argues that "proof of the ability to disseminate the released information to a broad cross-section of the public is not required," and "that the prison population was a sufficient audience to meet the contribution to the public understanding requirement." Plff. Oppo. at 27. Alternatively, Plaintiff argues that it has demonstrated that it will effectively convey the ion spectrometry information to a "reasonably broad" audience, through its: (1) online website that has been up for about two years, provides regular daily news updates, and had over 250,000 [hits] as of 2005; (2) online newsletter; and (3) Chat room on Yahoo groups that receives as many as 100 requests for information each day. Plff. Oppo. at 27; Plff. Exhs. C, E, and H.

However, Plaintiff seems to have missed the agency's point on this issue. In its June 29, 2006 letter, Defendant advised Plaintiff that its request seeks "a large volume of information, much of it technical (particularly records sought with regard to the accuracy of ion spectrometers, training methods used for operating the equipment, and equipment failure rates and repairs), that would need to be collected from the seventy-one BOP facilities that use the equipment." *See* Plff. Exh. G. Yet, there was nothing submitted to Defendant to evidence "FedCure's intention to extract, analyze, synthesize, and effectively convey the information to the public." *Id*. The Defendant reasoned that "[M]erely posting the requested *technical information*" from *seventy-one BOP facilities* on a web site, "without any analysis is insufficient to meet the public interest requirement." *Id*. (emphasis added). Moreover, Defendant advised Plaintiff that merely putting this same information in a newsletter that is posted only on this web site on an "infrequent and irregular" schedule "with gaps as long as two years between some issuances" did not meet the

5

public interest requirement, and that "requests such as yours makes no showing of how the information would be disseminated other than by passively making it available to anyone who might seek access to it on the Internet . . . ." *Id.*

Finally, Plaintiff refers to Defendant's arguments distinguishing *Linn v. Dep't of Justice* as "ludicrous," contending that because Defendant determined in *Linn v. Dep't of Justice*, that FedCURE could disseminate BOP policy statements through federal inmate lobbying organizations "Defendant cannot rescind its earlier finding that FedCURE would adequately disseminate the requested material, especially when the court relied upon BOP's determination." *See* Plff. Oppo. at 31. Plaintiff cites no authority and Defendant is unaware of any for this proposition. In fact, as discussed earlier, the Court's determination is made on the record in this case. Furthermore, cases in this circuit appear to hold just the opposite. *See Edmonds Inst. v. U.S. Dep't of Interior*, 460 F. Supp. 2d 63, 75 (D.D.C. 2006) (stating that "applications for fee waivers are considered on a case-by-case basis."); *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 185 F.Supp. 2d 54, 60 (D.D.C. 2002) ("requests for public interest fee waivers must be reasonably detailed and specific; they are evaluated on a case-by-case basis.") (citing *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C.Cir. 1988)).

B. FedCURE Has Not Demonstrated That It Is A Representative Of The News Media.

Plaintiff contends that *National Security Archive v. Dep't of Defense*, 880 F.2d 1381 (D.C. Cir. 1989) and *Electronic Privacy Information Center v. Dep't of Defense*, 241 F.Supp.2d 5 (D.D.Cir. 2003), support Plaintiff's position that it is a "representative of the news media," and, therefore, is entitled to a partial fee waiver. *See* Plff. Oppo. at 32-35. Indeed, under Plaintiff's interpretation of these cases, just about anyone or entity could qualify as a "representative of the

6

news media." Plff. Oppo. at 34-35.

However, Plaintiff's arguments ignore the Courts' findings in these cases. In *National Security Archive*, the plaintiff was a research institution that had previously published a book, and its intention to publish "document sets" centering on U.S. policy toward particular countries or regions was undisputed. *National Security Archive v. Dep't of Defense*, 880 F.2d at 1386. Moreover, the Court found that these document sets would contain "detailed cross-referenced indices, other finding aids, and a sophisticated computerized retrieval system" to aid users, and that these document sets would consist not only of the documents obtained through FOIA, but would include declassified government papers, interviews with government officials, official statements and press releases, Congressional testimony, newspaper accounts, and reports by congressional committees and the General Accounting Office. *Id.*

Similarly, in *Electronic Privacy Information Center*, the Court found that the plaintiff, a non-profit educational institution, had previously published seven books and had issued a bi-weekly electronic newsletter on a continuous basis for eight years. *Electronic Privacy Information Center v. Dep't of Defense*, 241 F. Supp. 2d 5, 11. Furthermore, the plaintiff's publications in that case consisted of information from various sources, including the FOIA requests, state and federal courts, government agencies, universities, international groups, law reviews, interest groups, and other news sources. *Id.*

Thus, in both of these cases, the Courts' focus was on the plaintiffs' news or publication activities. In fact, in *Electronic Privacy Information Center,* the Court noted that publishing a newsletter does not automatically make an entity a news organization and maintaining a web site is not by itself sufficient to qualify a FOIA requester as a representative of the news media. *Id.* at

7

14.[4]

     C.  <u>FedCURE Has Not Demonstrated That It Is A Noncommercial Scientific Institution</u>.

     Plaintiff contends that it qualifies as a noncommercial scientific institution because it "conducts research in the 'soft' sciences as they relate to the federal prison system." Plff. Oppo. at 35. However, 28 C.F.R. § 16.11(b)(5) requires that a requester operate "solely" to conduct scientific research in order to qualify for a fee reduction under this regulation. In this case, Plaintiff has conceded that it does not meet this definition, since it has described its "primary function" as "provid[ing] information to the public about the workings of the Bureau of Prisons." *See* Plff. Exh. E. Accordingly, Defendant is entitled to summary judgment on this issue.

## Conclusion

     For the foregoing reasons, Defendant respectfully moves the Court to grant summary judgment in favor of Defendant.

                       Respectfully submitted,

                       /s/

                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                       United States Attorney

                       /s/

                       RUDOLPH CONTRERAS, D.C. BAR # 434122
                       Assistant United States Attorney

---

[4] The Court recognized that "[v]irtually every entity in the area–businesses, law firms, trade associations, etc.–as well as many individuals, has a website, but certainly all are not entitled to news media status for fee determinations." *Id*. at 14.

_____/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

9